IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONTEZ HALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:15-cv-0310 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Movant Montez Hall brings this *pro se* action under to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence and judgment entered by this court on June 6, 2012 (Crim. Case. No. 3:10-cr-0163, ECF No. 1767).[1] As set forth herein, the court finds that relief is precluded by the one-year statute of limitations, 28 U.S.C. § 2255(f).

**I.     Procedural Background**

On February 17, 2011, movant Montez Hall was charged in a thirty-three count Superseding Indictment with conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to use/carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(o) (Count 23); conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 (Count 24); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count 28); using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 29); and murder resulting from using or carrying firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(j) (Count 30). (Crim. ECF Nos. 397, 397-20, at 2.)

On May 23, 2011, the court issued an order declaring that the case was extended and complex. (Crim. ECF No. 610.) Jury trial was reset from June 28, 2011 to February 14, 2012. (Crim. ECF No. 612.)

On January 5, 2012, the government filed a twenty-eight count Second Superseding Indictment, charging the movant with conspiracy to participate in racketeering activity, in violation of 18 U.S.C. §

---

[1] The court will cite to documents filed in the underlying criminal proceedings as "Crim. ECF No. __" and to documents filed in this post-conviction proceeding as "ECF No. __."

1962(d) (Count 1); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count 6); using/carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 7); murder resulting from using or carrying firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(j) (Count 8); conspiracy to use or carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(o) (Count 27); and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 (Count 28). (Crim. ECF Nos. 1147, 1147-9, at 2.)

On February 5, 2012, the movant entered into a binding Plea Agreement with the United States and, in conjunction therewith, submitted to the court a Petition to Enter a Plea of Guilty to Counts 1 and 7 in exchange for the government's dismissal of the remaining counts, which the court accepted by order entered February 6, 2012. (Crim. ECF No. 1394 (Plea Agreement, Plea Petition, and Order accepting same).) In the Plea Agreement, the movant acknowledged that the parties agreed to a recommended final offense level ("Recommended Offense Level") of 40 but had not reached an agreement regarding the movant's criminal history category or sentence. The movant recognized, however, that Count 7 required a mandatory prison term of no less than ten years, to run consecutively to any prison term imposed for Count 1. In addition, the movant expressly waived his right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with the movant's criminal history category as determined by the court. The movant retained the right to bring post-conviction claims based on involuntariness, prosecutorial misconduct, and ineffective assistance of counsel.

On May 31, 2012, the court sentenced the movant to 360 months' incarceration—240 months on Count 1 and a consecutive 120 months on Count 7—all to run consecutively to a separately imposed state sentence. (Crim. ECF No. 1767.) Judgment was entered on June 6, 2012. (Crim. ECF No. 1767.)

The movant sent a letter to the court dated May 17, 2013, stating that he "wanted to file an appeal for [his] sentence of 360 months" but no longer had an attorney or any other help because he was in state custody. (ECF No. 1959.) He was therefore "wondering if [he] could get some kind of assists on this situation." (*Id.*) In the same letter, the movant also acknowledged that he had a May 31, 2013 deadline for filing an "appeal." (*Id.*) The court did not construe that letter as a motion, because it did not request any specific form of relief or raise a specific claim. The court did not respond to the letter.

Nearly a year later, on March 13, 2014, the movant filed an actual motion requesting that his sentence be modified to reflect that his federal sentence would be concurrent with his state sentence. (ECF No. 2019.) The court denied that motion. (ECF No. 2022.)

After another year passed, on March 26, 2015, the movant filed his § 2255 motion, asserting a claim of ineffective assistance of counsel and a due-process violation based on the inordinate delay between indictment and trial. (ECF No. 1.) The ineffective-assistance claim was based on counsel's allegedly (1) misleading the movant into pleading guilty; (2) discouraging the movant from filing a notice of appeal;[2] (3) failing to provide the movant with full disclosure of the discovery provided in his case; (4) failing to investigate or acknowledge that the movant was charged with three 924(c) counts in violation of the double-jeopardy prohibition; and (5) failing to show that the movant had to have two or more prior felony convictions to be charged with a RICO violation, when he only had one prior felony conviction.

## II. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes that state and federal prisoners have a one-year limitations period in which to file a federal habeas corpus petition. That period runs from the latest of four specified dates: (1) the date the judgment of conviction becomes final; (2) the date a governmental impediment to making the motion is removed; (3) the date a right was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date that the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)–(4).

In this case, it is clear that only § 2255(f)(1) applies, and that the limitations period ran from the date the judgment of conviction became final. Generally, a conviction becomes final upon the conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). When the movant does not pursue a direct appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was

---

[2] The movant does not allege that counsel refused a direct request that he file a notice of appeal on the movant's behalf. Instead, the movant indicates that he regrets his choice not to appeal. He states:
> I wanted to file an appeal on my sentence and was advised that, "that wouldn't be a wise idea" and more then [sic] likely would receive more time if my appeal was to be granted. Being that he was my lawyer and had many years of experience with the law I took his advice.

(ECF No. 1, at 9.)

filed." *Id.* at 426–27 (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

Under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a criminal defendant's notice of appeal must be filed within 14 days after the entry of the judgment. Judgment in the underlying criminal case was entered on June 6, 2012 and became final 14 days later, on June 20, 2012, without the movant's having filed a notice of appeal. The movant's one-year deadline for filing a § 2255 motion therefore expired on June 20, 2013. The motion in this case was filed almost two years later, on March 26, 2015.

The one-year statute of limitations in § 2255(f) is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Ins.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A § 2255 movant petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649. The movant has the burden of showing that he is entitled to equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

In the space on the form motion allotted for explaining why the motion has been filed more than a year after the judgment became final, the movant explains only that (1) he took his attorney's advice when the attorney advised him not to file an appeal, which he now apparently regrets (*see* note 2, *supra*); (2) he wrote a letter to the court in May 2013 informing the undersigned that he wanted to file an appeal but did not know how, but he never received a response to that letter; and (3) he only recently became aware of the "double jeopardy" issue.

The fact that the movant took his attorney's advice and affirmatively chose not to file a notice of appeal does not remotely excuse waiting three years before filing a § 2255 motion.

The letter to which the movant refers, dated May 17, 2013, likewise does not provide a basis for equitable tolling or change the analysis in this case. The letter expressed an intent to file "an appeal," acknowledged a purported deadline of May 31, 2013, and requested some "assists" in challenging the fact that the movant's federal sentence was to run consecutively to a state sentence. The letter did not express an intent to file a § 2255 motion or allege ineffective assistance of counsel or due-process violations. Consequently, it could not properly be construed as a § 2255 motion. *Cf. Johnson v. United States*, 457 F. App'x 462, 466–68 (6th Cir. 2012) (finding that a letter to the court that did not conform

with the requirements of Rule 2 of the Rules Governing § 2255 Proceedings and did not evidence a clear intent to serve as a § 2255 motion could not be construed as a § 2255 motion even under liberal rules of construction). Moreover, the letter indicates that the movant was aware of some May 31, 2013 deadline, but he did not file any type of notice or motion prior to that deadline.

And the fact that the movant only recently became aware of the purported "double-jeopardy" issue does not provide a basis either for equitable tolling or for running the statute of limitations from the date of the movant's discovery of a claim based on that issue. The movant does not allege a right newly recognized by the Supreme Court and retroactively available on collateral review. Moreover, although he claims he only recently discovered the basis for his claim, the facts supporting such a claim were clearly available to him even before he entered his guilty plea, simply by looking at the indictment.

The motion in this case was filed more than a year after the movant's judgment became final. The movant offers no viable argument for equitable tolling or for running the limitations period from some date other than the date the judgment became final. The motion is therefore barred by the statute of limitations.

### III.     The Merits of the Movant's Claims

In the alternative, the court finds that the movant's claims are without merit.

#### A.     Ineffective Assistance of Counsel

"To establish ineffective assistance of counsel, a defendant must show that: (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

As set forth above, the petitioner argues that his attorney (1) misled him into pleading guilty; (2) discouraged him from filing a notice of appeal; (3) failed to provide the movant with full disclosure of the discovery provided in his case; (4) failed to investigate or acknowledge that the movant was charged with three 924(c) counts in violation of the double-jeopardy prohibition; and (5) failed to show that the movant had to have two or more prior felony convictions to be charged with a RICO violation, when he only had one prior felony conviction.

Contrary to the movant's assertions, (1) the record in this action, including the Plea Petition, Plea Agreement, and transcript of the plea hearing, establishes that the movant was not misled or tricked into

pleading guilty; (2) the movant waived his right to appeal his sentence in the Plea Agreement, and the movant himself acknowledges that he affirmatively chose, based on his counsel's advice, not to file a notice of appeal (*see* ECF No. 1, at 9); (3) the Plea Petition and plea hearing transcript refute the movant's claim that he was not provided with discovery materials; (4) the Second Superseding Indictment conclusively establishes that the movant was not charged with three 924(c) offenses; and (5) the movant's prior felony convictions had no relationship with the RICO charge in the Second Superseding Indictment. The movant has not shown that his attorney was ineffective or that he was prejudiced by any alleged deficiency on the part of his attorney.

**B.     Due-Process Violation Resulting in Delay**

The movant claims that his plea was not voluntary due to the inordinate delay between indictment and trial. The record establishes that the plea was fully voluntary and that the delay was not inordinate in light of the seriousness and complexity of the case and the movant's failure to show that he was prejudiced by the delay. The movant would not be entitled to relief on the basis of this claim either.

**IV.    Conclusion**

The motion is not timely and, even if equitable tolling were warranted, the movant's claims are without merit. The motion will therefore be denied.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that the movant's claims do not warrant further attention, the court will deny a COA.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge